IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LAUDERDALE, :

    Plaintiff, :

    vs. : Case No. 3:09-cv-108

YELLOW TRANSPORTATION, INC., JUDGE WALTER HERBERT RICE
et al., :

    Defendants :

## SHOW CAUSE ORDER

On June 10, 2010, this Court held that Plaintiff's state law claims of disability discrimination, race discrimination and retaliation were preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because resolution of those claims would require interpretation of the collective bargaining agreement. Having determined that it had subject matter jurisdiction over those particular claims, the Court also chose to exercise supplemental jurisdiction over the related portion of Plaintiff's claim for intentional infliction of emotional distress. The Court remanded Plaintiff's other claims to state court. Doc. #25.

Recently, in reviewing the record in connection with Defendants' pending Motion for Summary Judgment (Doc. #28), the Court began to question whether its ruling on the preemption issue was correct and, as the Court conducted

additional research, those doubts grew.[1]

In *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988), the Supreme Court held that the plaintiff's claim, that he was discharged in retaliation for filing a workers' compensation claim, was not preempted by § 301. The court noted that plaintiff could prove each element of his claim without reference to the collective bargaining agreement. In resolving the retaliation claim, one need only look to the "conduct of the employee and the conduct and motivation of the employer." *Id.* at 407.

Relying on *Lingle*, the Sixth Circuit has consistently held that state law claims of discrimination and retaliation are not preempted by § 301.[2] In *O'Shea v. Detroit News*, 887 F.2d 683, 687 (6th Cir. 1989), the court held that employees have an independent right not be discriminated against without regard to the provisions of the collective bargaining agreement. Likewise, in *Tisdale v. United Association of Journeymen and Apprentices of the Plumbing and Pipefitting*

---

[1] As long as the Court retains jurisdiction over a case, it has the authority to reconsider and revise interlocutory orders. *See In re Life Investors Ins. Co. of America*, 589 F.3d 319, 326 n.6 (6th Cir. 2009) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed.Appx. 949, 959 (6th Cir. 2004) and *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir.1991)).

[2] In *Angel v. United Paperworkers International Union (Pace) Local 1967*, No. C1-01-467, 2003 WL 21910753 (S.D. Ohio March 10, 2003), Judge Beckwith noted that "there is some strong dicta that the LMRA never preempts state law employment discrimination claims." *Id.* at *14 n.6 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985) and *Lingle*, 486 U.S. at 412).

2

*Industry of the United States and Canada, Local 704*, 25 F.3d 1308 (6th Cir. 1994), the court found that plaintiff's state law claim of race discrimination was not preempted by § 301, noting that this was "not fundamentally a *labor* case involving negotiated contract terms" but rather a "*discrimination* case involving non-negotiable rights." *Id.* at 1312 (emphasis in original).

Moreover, "the question of whether or not the plaintiff was discriminated against [is] separate from any possible defense the employer might have under the contract." *Id.* (citing *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1334 (6th Cir. 1989)). *See also Welch v. General Motors Corp.*, 922 F.2d 287, 293 (6th Cir. 1990) (holding that the availability of a defense under a collective bargaining agreement "does not support removal to federal court and the finding of preemption").

The ultimate question is whether the proffered reason is pretextual, a factual determination that can be made without reference to the collective bargaining agreement. *See Beatty v. United Parcel Serv.*, 267 F.Supp.2d 823 (S.D. Ohio 2003) (holding that plaintiff's claims of discrimination and retaliation were not preempted because they relate "to facts that are independent of the CBA, and which, if they exist, would demonstrate that [defendant's] purported lawful reason for terminating him was a pretext"); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209-210 (6th Cir. 2004) (holding that retaliation claim was not "inextricably intertwined with CBA provision listing theft as a dischargeable offense because

3

plaintiff need only show that the proffered reason for his discharge, theft of a co-worker's cell phone, was a pretext for retaliation).

In this case, Plaintiff alleged that Defendants discriminated against him on the basis of his disability and his race and retaliated against him after he complained of the alleged discrimination. In reviewing the record, the Court notes that, in their Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. #15), Defendants did not argue that these particular claims were preempted. Rather, they simply asked the Court to exercise supplemental jurisdiction over these claims.

Nevertheless, the Magistrate Judge found that the discrimination and retaliation claims were preempted by § 301. The undersigned Judge agreed, finding that it would be necessary to interpret certain provisions of the collective bargaining agreement in order to determine whether Defendants diverted work from Plaintiff, subjected him to a higher incidence of drug testing, and gave him discriminatory work assignments. Doc. #25, at 7-8.

Upon further reflection, the Court now believes that this analysis was faulty. Notably, Plaintiff has never alleged that these adverse employment actions violated the collective bargaining agreement. The clear thrust of Plaintiff's claims is that he was treated less favorably because of his race and his disability and was retaliated against because he complained of the same. In resolving these claims, the key question is whether Defendants' conduct was motivated by illegal considerations.

4

This question can be resolved without interpreting those portions of the collective bargaining agreement dealing with work assignments and drug testing. Those provisions are only tangentially related to Plaintiff's claims. In addition, as noted above, the fact that Defendants may have available defenses under the collective bargaining agreement is irrelevant to the question of whether the claims are preempted.

In each of these respects, *Brown v. American Axle & Manufacturing, Inc.*, 396 F.Supp.2d 810 (E.D. Mich. 2005), a sex discrimination case, appears to be almost directly on point. In *Brown*, the court held as follows:

> Defendant argues that Plaintiff's state law claims are preempted because each claim requires, as an essential element, proof that Plaintiff suffered an "adverse employment action." According to Defendant, the actions Plaintiff claims were adverse are subjects of the CBA and thus the Court must interpret the CBA to determine Plaintiff's rights on these subjects. Plaintiff, however, is arguing that she was treated differently than male employees with respect to these subjects (overtime, job assignments, promotional opportunities, medical leave). In order to make this determination, it is not necessary to interpret the CBA. Defendant may allege as a defense that it had a legitimate non-discriminatory reason for treating Plaintiff differently-*i.e.* its treatment of Plaintiff was dictated by the terms of the CBA; however, as set forth previously, the Sixth Circuit consistently has held that a defendant's defense that certain treatment was permitted or required by a CBA does not support removal to federal court.

*Id.* at 813 -814.

Based on the above-cited case law, the Court has reached the tentative conclusion that its previous decision concerning preemption of Plaintiff's state law claims of discrimination and retaliation was erroneous. The Court is therefore

5

inclined to vacate that ruling, and to remand Plaintiff's claims of disability discrimination, race discrimination and retaliation to state court.[3] Nevertheless, the Court would like to give Defendants the opportunity to weigh in on this issue. Accordingly, Defendants shall have 20 calendar days from the date of this Order to show cause why Plaintiff's remaining claims should not be remanded to state court. Plaintiff will then have a like period of time to file any opposing memorandum, with Defendants having 7 days to file whatever reply is deemed necessary.

May 16, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[3] If these claims are remanded, there would be no legal basis for the Court to exercise supplemental jurisdiction over Plaintiff's one remaining claim of intentional infliction of emotional distress. That claim would, therefore, also be remanded. If, in responding to the Show Cause Order, Defendants wish to revisit the question of whether the intentional infliction of emotional distress claim is separately preempted by § 301, they shall set forth the legal basis for that argument.

6