IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VINCENT LAUDERDALE, :

    Plaintiff, :

                              Case No. 3:09-cv-108

    vs. :

                              JUDGE WALTER HERBERT RICE

YELLOW TRANSPORTATION, INC.,
et al., :

    Defendants :

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION
FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(c) (DOC. #44)

---

This matter is currently before the Court on Plaintiff's Motion for Costs and Fees Pursuant to 28 U.S.C. § 1447(c). Doc. #44. Plaintiff originally filed suit in state court, asserting only state law claims. Defendants removed the case to federal court, arguing that some of Plaintiff's claims were preempted under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Plaintiff filed a motion to remand. Magistrate Judge Merz issued a Report and Recommendations, recommending that the Court deny Plaintiff's motion. He found that the Court had jurisdiction over four of Plaintiff's claims, Counts IV, V, VI, and VIII, because they were preempted by § 301 of the LMRA, and could exercise supplemental jurisdiction over the rest. Doc. #17. Plaintiff filed

Objections to the Report and Recommendations. Those Objections were sustained in part and overruled in part. The Court retained jurisdiction over Counts I, II, VII, and part of VIII, finding that they were preempted, but remanded Counts III-VI, IX, and part of VIII to state court. Doc. #25.

Defendants then moved for summary judgment. In reviewing the file in connection with that motion, the Court seriously questioned whether the remaining claims were, in fact, preempted by § 301 of the LMRA. It ordered Defendants to show cause why those claims should not also be remanded to state court. Doc. #38. Following briefing on the issue, the Court vacated a portion of its previous Decision and Entry, and remanded all remaining claims to state court. Doc. #42. Judgment was entered on July 19, 2011. Doc. #43.

On September 14, 2011, pursuant to 28 U.S.C. § 1447(c), Plaintiff asked the Court to order Defendants to pay attorney fees and costs associated with the improper removal of this case to federal court. Doc. #44. That statute provides that if the district court orders a case remanded to state court, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

As the Supreme Court explained in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005), "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

2

reasonable basis exists, fees should be denied."

Plaintiff maintains that there was no objectively reasonable basis for removing the case to federal court, given that Plaintiff asserted no federal claims, and resolution of the state law claims did not require referral to the collective bargaining agreement as required for the doctrine of complete preemption to apply. Plaintiff therefore argues that fees and costs are warranted.

Defendants, however, argue that Plaintiff's motion should be overruled because: (1) it is untimely; and (2) Defendants had an objectively reasonable basis for removal. The Court agrees on both accounts.

The Sixth Circuit has held that "the proper timeliness requirement for a motion for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B)," which generally requires such motions to be "filed and served no later than 14 days after entry of judgment." *Stallworth v. Greater Cleveland Reg. Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997). Plaintiff's motion was filed nearly two months after judgment was entered. It is, therefore, untimely.

Moreover, preemption law is rarely clear-cut. In light of the fact that the undersigned judge did not agree with the Magistrate Judge about which claims were preempted, and later reconsidered that decision in part, it cannot be said that Defendants' decision to remove the case to federal court on the basis of LMRA preemption was objectively unreasonable.

For these reasons, the Court OVERRULES Plaintiff's Motion for Costs and Fees Pursuant to 28 U.S.C. § 1447(c), Doc. #44.

Date: December 9, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record